UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CATLIN SPECIALTY INSURANCE CO., | ) ) ) |
| Plaintiff | ) ) |
| vs. | ) Case No. 5:17-cv-01432-HNJ ) |
| JOSEPH J. JOHNSON, et al., | ) ) |
| Defendants | ) |

## MEMORANDUM OPINION

This declaratory judgment action proceeds before the court on plaintiff's Motion for Summary Judgment and Amended Motion for Summary Judgment. (Docs. 19 & 22). For the reasons set out herein, the court **GRANTS** the summary judgment motions.

## SUMMARY JUDGMENT STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. Rule 56(a). The party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue

of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

If the movant sustains its burden, a non-moving party demonstrates a genuine issue of material fact by producing evidence by which a reasonable fact-finder could return a verdict in its favor. *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (citation omitted). The non-movant sustains this burden by demonstrating "that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). In the alternative, the non-movant may "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." *Id.* at 1116-17; *see also Doe v Drummond Co.*, 782 F.3d 576, 603-04 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 1168 (2016).

The "court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) (citations omitted). "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves*, 530 U.S. at 151 (citation

omitted). "That is, the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* (citation omitted).

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. In addition, a movant may prevail on summary judgment by submitting evidence "*negating* [an] opponent's claim," that is, by producing materials disproving an essential element of a non-movant's claim or defense. *Id.* at 323 (emphasis in original).

Because the plaintiff bears the burden of proof on its claims, its status as the summary-judgment movant requires it to establish there is no genuine dispute of material fact as to all of the elements of its claim and, concomitantly, that it deserves judgment as a matter of law on the claims. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) ("The movant must show . . . on all the essential elements of its

3

case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party.").

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Catlin Specialty Insurance Company (Catlin) issued a commercial general liability insurance policy to Joseph J. Johnson d/b/a JJ's Fun & Recreational Center (Johnson or JJ's), effective May 25, 2014, through May 25, 2015. The named insured on the policy is Joseph J. Johnson d/b/a JJ's Fun & Recreational Center. Johnson is a defendant in two actions pending in the Madison County Circuit Court: *Khloe Walker, by and through her mother and next friend, Tunishia Monique Armstrong v. Joseph J. Johnson d/b/a JJ's Fun & Recreation Center, et al.*, Civil Action No. CV-2016-902040, and *Larry Malone, as Administrator of the Estate of Larneal Donell McDonald v. Joseph J. Johnson d/b/a JJ's Fun & Recreation Center, et al.*, Civil Action No. 2017-900307.

The *Walker* action alleges JJ's served Terrance Walker alcoholic beverages on March 1, 2015, despite his visible intoxication. After Walker left the establishment, he was involved in a motor vehicle accident which caused his death. The *Walker* action asserts an Alabama Alcoholic Beverages Control Board Rule No. 20-X-6-.02[1] claim; a

---

[1] This rule provides that no ABC Board on-premises licensee, employee, or agent thereof shall serve any person alcoholic beverages if such person appears, considering the totality of the circumstances, to be intoxicated.

4

Dram Shop Act[2] claim; negligent or wanton hiring, supervision,[3] and/or training; negligent performance of a voluntary undertaking; and negligent/wanton security.

The *McDonald* action alleges that McDonald died in the same accident that resulted in Walker's death. The *McDonald* action asserts claims under Alabama Alcoholic Beverages Control Board Rule No. 20-X-6-.02 and the Dram Shop Act, negligence, and wantonness.

Catlin seeks a declaration it owes no duty to defend or indemnify Johnson in the underlying state court actions based on the Total Liquor Liability exclusion in the pertinent policy. Catlin indicates that Johnson does not oppose its summary judgment motion, and only Walker and Armstrong filed an opposition to Catlin's summary judgment motion. Further, in answer to the complaint, Johnson admitted Catlin has

---

[2] The Dram Shop Act, Ala. Code § 6-5-71, provides:

> (a) Every wife, child, parent, or other person who shall be injured in person, property, or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving, or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages.
> (b) Upon the death of any party, the action or right of action will survive to or against his executor or administrator.
> (c) The party injured, or his legal representative, may commence a joint or separate action against the person intoxicated or the person who furnished the liquor, and all such claims shall be by civil action in any court having jurisdiction thereof.

[3] This count alleges JJ's "knew or should have known that [its] personnel . . . were not adequately responding to known dangers to an intoxicated patron and/or were otherwise incompetently performing their duties." (Doc. 22-1 at ¶ 26).

5

no duty to defend or indemnify because of the Total Liquor Liability Exclusion. (Doc. 1 at ¶ 16; Doc. 3 at ¶ 16).

The policy at issue obligates Catlin to pay "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'…to which this insurance applies"; Catlin "will have the right and duty to defend the insured against any 'suit' seeking those damages"; and Catlin "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury'…to which this insurance does not apply." (Doc. 19-1 at § I.A.1.a.).

Part "2. Exclusions," under Coverage A in Section I, states that "[t]his insurance does not apply to" the types of claims and damages described in the exclusions." (*Id.* at § I.A.2). An endorsement to the Policy, titled "Total Liquor Liability Exclusion," replaces the exclusion in 2.c. with one stating that the insurance does not apply to:

> c. Liquor Liability
>
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
> (1) Causing or contributing to, or responsibility for, the intoxication of any person;
> (2) The furnishing or sale of alcoholic beverages to a person under the legal drinking age and/or under the influence of alcohol; or
> (3) Any statute, ordinance, regulation or law relating to the sale, gift, distribution or use of alcoholic beverages.

(Doc. 19-1 at 35).

# ANALYSIS

Liability insurance policies impose two separate duties on the insurer: (1) the duty to defend and (2) the duty to indemnify. *Tanner v. State Farm Fire & Cas. Co.*, 874 So.2d 1058, 1063 (Ala. 2003) (citing *Porterfield v. Audubon Indem. Co.*, 856 So.2d 789, 791-92 (Ala. 2002)). While ordinarily the two duties "must be analyzed separately," *Tanner*, 874 So.2d at 1066 (quoting *U.S. Fid. & Guar. Co. v. Armstrong*, 479 So.2d 1164, 1167 (Ala. 1985)), the duty to indemnify does not exist in the absence of a duty to defend because the duty to defend is broader. *Tanner*, 874 So.2d at 1063.

"Whether an insurance company owes its insured a duty to provide a defense in proceedings instituted against the insured is determined primarily by the allegations contained in the complaint." *Hartford Cas. Ins. Co. v. Merchs. & Farmers Bank*, 928 So.2d 1006, 1009 (Ala. 2005). "If the allegations of the injured party's complaint show an accident or an occurrence within the coverage of the policy, then the insurer is obligated to defend, regardless of the ultimate liability of the insured." *Id.*; *see also Tanner*, 874 So.2d at 1065. To determine whether a policy covers a claim, a court must initially engage in a three-step inquiry: (1) the insured must show first that the claim is covered under the policy's initial grant of coverage; (2) the insurer may then show that a policy exclusion bars coverage; and (3) the insured may thereafter establish that the excluded claim falls under an exception to the exclusion. *Ala. Gas Corp. v. Travelers Cas. & Sur. Co.*, No. CV–10–J–1840–S, 2013 WL 3766531, at *4 (N.D. Ala. July 16, 2013) (citing

7

*Ala. Hosp. Ass'n Trust v. Mut. Assur. Soc. of Am.*, 538 So.2d 1209, 1216 (Ala. 1989), and *Colonial Life & Accident Ins. Co. v. Collins*, 194 So.2d 532, 535 (Ala. 1967)); *Town & Country Prop., L.L.C. v. Amerisure Ins. Co.*, 111 So.3d 699, 703 (Ala. 2011).

If the allegations in the complaint do not constitute a covered accident or occurrence, the court may look to admissible evidence to establish a duty to defend. *Hartford*, 928 So.2d at 1009-10; *Tanner*, 874 So.2d at 1064. Further, "[i]f there is any uncertainty as to whether the complaint alleges facts that would invoke the duty to defend, the insurer must investigate the facts surrounding the incident that gave rise to the complaint in order to determine whether it has a duty to defend the insured." *Hartford*, 928 So.2d at 1010 (quoting *Blackburn v. Fid. & Deposit Co. of Md.*, 667 So.2d 661, 668 (Ala. 1995)).

The three-step inquiry changes to some extent in this declaratory judgment action, inasmuch as the insured does not contend the policy provides coverage. Rather, one of the injured parties, Walker, urges the court to find Catlin's policy provides coverage for the underlying state court claims. Therefore, if Catlin establishes the existence of a policy exclusion, the injured party must establish the excluded claim falls within an exception.

In this case, Catlin contends the Total Liquor Liability exclusion precludes coverage. Policy exclusions "must be interpreted as narrowly as possible in order to provide maximum coverage for the insured, and must be construed most strongly

against the company that drew the policy and issued it.'" *Nationwide Mut. Ins. Co. v. Thomas*, 103 So.3d 795, 805 (Ala. 2012) (quoting *Alliance Ins. Co. v. Reynolds*, 494 So.2d 609, 612 (Ala. 1986)). However, where there is no ambiguity in the terms of an insurance policy, the court must enforce the policy language "as written" and "cannot defeat express provisions in a policy, including exclusions from coverage, by making a new contract for the parties." *Id.*

I.  **Catlin Proves the Policy Exclusion Applies**

As reviewed previously, Alabama law generally imposes the burden of proof on policy coverage issues on the insured, while the burden of proving applicability of a policy exclusion rests with the insurer. *Compare Jordan v. National Acc. Ins. Underwriters Inc.*, 922 F.2d 732, 735 (11th Cir. 1991) ("Under Alabama law the general rule is that the insured bears the burden of proving coverage.") with *Acceptance Ins. Co. v. Brown*, 832 So.2d 1, 12 (Ala. 2001) ("In general, the insurer bears the burden of proving the applicability of any policy exclusion.").

In this case, Catlin referred the court to applicable provisions pertinent to whether the policy provides coverage for the claims in the underlying actions. Upon review, the Total Liquor Liability Exclusion bars coverage for all claims against JJ's in the *Walker* and *McDonald* actions. The exclusion applies not just to Dram Shop claims but to all claims that "are inextricably intertwined with . . . alcohol claims," *Robinson v. Hudson Spec. Ins. Co.*, 984 F. Supp. 2d 1199, 1207 (S.D. Ala. 2013), or that "have a direct

9

nexus to the sale or service of alcohol or the causing or contributing to any person's intoxication." *Catlin Spec. Ins. Co. v. Philon*, No. 12-00296-CB-M, 2013 WL 12123743, *2 (S.D. Ala. Feb. 20, 2013).

Courts analyzing similar or identical liquor liability provisions have barred claims that "directly involve alcohol." *See VP Props. & Devs., LLLP v. Seneca Specialty Ins. Co.*, 645 F. App'x 912, 916-17 (11th Cir. 2016); *Robinson v. Hudson Specialty Ins. Grp.*, 984 F. Supp. 2d 1199, 1207 (S.D. Ala. 2013) (finding plaintiff's negligence claims "inextricably intertwined with his alcohol claims, which fall under what are clear and unambiguous terms of the Colony liquor liability exclusion"); *Philon*, 2013 WL 12123743, at *2. The state court claims against JJ's essentially contend that the bar negligently served Terrance Walker alcohol even when he was noticeably intoxicated, which directly contributed to the accident that killed Walker and McDonald. Thus, the claims in the underlying state court actions inextricably intertwine with the purportedly negligent sale of alcohol and the intoxication that resulted, bringing them within the purview of the liquor liability exclusion. *See, e.g., Robinson*, 984 F. Supp. 2d at 1207.

The clear and unambiguous language of the policy at issue precludes coverage for the claims asserted in the *Walker* and *McDonald* actions. Therefore, Catlin owes no duty under the insurance policy to defend JJ's in the underlying state court actions. Further, Catlin possesses no obligation to indemnify JJ's for any judgment which might be entered against it in the underlying litigation because there exists no coverage under

10

Catlin's insurance contract for the claims alleged by any plaintiff in the underlying state court actions.

II.   **Defendants Cannot Sustain an Estoppel Defense**

Defendants Walker and Armstrong claim Catlin is estopped from denying coverage. More succinctly, Defendants Walker and Armstrong contend a genuine issue of material fact exists regarding Catlin's compliance with the defense contained in Alabama Code § 27-14-19, which requires an insurer to mail or deliver a policy to the purchaser and named insured within a reasonable time after its issuance. In *Brown Mach. Works & Supply Co. v. Insurance Co. of N. Am.*, 659 So. 2d 51 (Ala. 1995), the Alabama Supreme Court held that "§ 27-14-19 requires that the insurance policy be 'mailed or delivered' to the purchaser of a policy and to the named insured," and "an insurer may be estopped from asserting conditions of, or exclusions from, coverage where such a purchaser or insured is prejudiced by the insurer's failure to comply with" § 24-14-19. 659 So. 2d at 61. Based on the interpretation of § 24-14-19, the Defendants maintain that the court should estop Catlin from prevailing on summary judgment at this stage because it has not demonstrated that it delivered the policy to JJ's.

Federal Rule of Civil Procedure 8(c)(1) lists estoppel as an affirmative defense. Fed. R. Civ. P. 8(c)(1); *see also E.E.O.C. v. Joe Ryan Enters.*, Inc., No. 3:11–cv–0795–MEF, 2013 WL 1294696, at *7 (M.D. Ala. March 28, 2013); *In re Cottrell*, 213 B.R. 33, 38 (M.D. Ala. 1997); *Kimbrell v. City of Bessemer*, 380 So.2d 838, 839 (Ala. 1980). The party

asserting an affirmative defense bears the burden of proof regarding the defense. *Taul ex rel. United States v. Nagel Enters., Inc.*, No.: 2:14-CV-0061-VEH, 2016 WL 304581, at *6 (N.D. Ala. Jan. 25, 2016); *Lloyd Noland Found., Inc. v. HealthSouth Corp.*, 979 So.2d 784, 791 (Ala. 2007); *BSI Rentals, Inc. v. Wendt*, 893 So.2d 1184, 1187 (Ala. Civ. App. 2004).

As a result, when a plaintiff moves for summary judgment and a defendant asserts an affirmative defense thereto, the defendant bears the initial burden of demonstrating that the affirmative defense applies. *Wells Fargo Bank, N.A. v. Trotman*, 940 F. Supp. 2d 1359, 1368 n. 8 (M.D. Ala. 2013); *Office of Thrift Supervision v. Paul*, 985 F. Supp. 1465, 1470 (S.D. Fla. 1997) (citing *Blue Cross and Blue Shield v. Weitz*, 913 F.2d 1544, 1552 (11th Cir.1990)). Upon demonstrating the applicability of an affirmative defense, the burden shifts to the plaintiff to refute the affirmative defense with appropriate evidence. *Paul*, 985 F. Supp. at 1470 (citing *Weitz*, 913 F.2d at 1552 n. 13). Hence, a court may grant a plaintiff's summary judgment motion if the defendant fails to muster evidence supporting an affirmative defense. *Paul*, 985 F. Supp. at 1470; *Amoco Oil Co. v. Gomez*, 125 F. Supp. 2d 492, 499 (S.D. Fla. 2000).

Therefore, Walker and Armstrong bear the burden of creating a genuine issue of material fact as to the mailing or delivery of the policy at issue. However, Walker and Armstrong submitted no evidence regarding the mailing or delivery of the policy or lack thereof. *See also USF Ins. Co. v. Metcalf Realty Co., Inc.*, No. 2:12–cv–02529–AKK, 2013 WL 4679833, at *5 n. 4 (N.D. Ala. Aug. 30, 2013) (court rejected argument of party

12

urging estoppel under § 27–14–19(a) for failure to submit any evidence indicating insurer failed to properly deliver its policy). Therefore, their unsupported argument creates no genuine issue of material fact.

## CONCLUSION

Based on the foregoing analysis, the court **GRANTS** Catlin's summary judgment motion. The court will enter a separate order in conformity with this Memorandum Opinion.

**DONE** and **ORDERED** this 3rd day of August, 2018.

```
_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE
```